| | |
|---|---|
| 1 | COOLEY LLP |
| 2 | BEATRIZ MEJIA (190948)<br>(mejiab@cooley.com) |
| 3 | REECE TREVOR (316685)<br>(rtrevor@cooley.com) |
| 4 | EVA SPITZEN (354081)<br>(espitzen@cooley.com) |
| 5 | 3 Embarcadero Center, 20th Floor<br>San Francisco, CA  94111-4004 |
| 6 | Telephone:   (415) 693-2000<br>Facsimile:    (415) 693-2222 |
| 7 | Attorneys for Defendant |
| 8 | POSH GROUP, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAHIL DOCTOR, as an individual and on behalf of all others similarly situated | | Case No. |
| Plaintiff, | | **DEFENDANT POSH GROUP, INC.'S NOTICE OF REMOVAL** |
| vs. | | |
| POSH GROUP, INC., a Delaware corporation; and Does 1 through 20, inclusive, | | [Removed from the Superior Court of California for the County of Los Angeles, No. 25STCV21463] |
| Defendants. | | |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453(b), defendant Posh Group, Inc. ("Posh" or "Defendant") hereby removes the above-captioned civil action from the Superior Court of the State of California, County of Los Angeles (the "Superior Court"), where the action is currently pending, to the United States District Court for the Central District of California, Western Division. For the reasons set forth below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2). In filing this Notice of Removal, Defendant expressly reserves all rights to respond to and seek dismissal of this lawsuit.

## I. BACKGROUND

### A. Nature of the Suit

1. On July 21, 2025, Plaintiff Rahil Doctor ("Plaintiff") filed a putative class action complaint in the Superior Court of California for the County of Los Angeles, entitled *RAHIL DOCTOR, as an individual and on behalf of all others similarly situated v. POSH GROUP, INC., a Delaware corporation; and Does 1 through 20, inclusive*, Case No. 25STCV21463 (the "Complaint" or "Compl."). A true and correct copy of the Complaint served upon Defendant is attached as **Exhibit 1** to the accompanying Declaration of Beatriz Mejia ("Mejia Declaration").

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the state court and not previously referenced are attached as **Exhibits 1, 2, 3, 4, and 5** to the accompanying Mejia Declaration.

3. Plaintiff alleges that he is an individual domiciled in California. Compl. ¶ 6.

4. Posh is described in the Complaint as "an event management and ticketing company" that operates a website and mobile application through which consumers may purchase tickets to events. Compl. ¶ 2.

5. Plaintiff "brings this action on behalf of himself" and a putative class consisting of "all persons who, while in the State of California and within the applicable statute of limitations period, purchased a ticket or tickets from Posh for a California event and were charged any fees (excluding mandatory taxes) that were not included in the advertised price." Compl. ¶ 31. " Plaintiff claims that Posh unlawfully failed to include additional fees, including Posh's processing fees, in its advertised ticket prices. Compl. ¶ 2. Instead, he charges, "[t]hose fees were added on to the total price only after a consumer selected his or her desired event ticket and reached the checkout page," purportedly misleading consumers. *Id.*

6. The Complaint asserts causes of action for (i) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*, and specifically California Civil Code section 1770(a)(29), a price disclosure provision that into effect on July 1, 2024; (ii) violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (iii) violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; (iv) "Intentional Misrepresentation (Fraud)"; (v) Negligent Misrepresentation; and (vi) "Quasi-Contract." *Id*. ¶¶ 24, 40–117.

7. By filing this Notice of Removal, Defendant does not admit that Plaintiff's allegations have any merit whatsoever, and expressly reserves the right to challenge all such allegations on any and all grounds available.

8. Nothing in this Notice of Removal shall constitute a waiver of Defendant's right to assert any defense or argument, or avail itself of any substantive or procedural right, including but not limited to motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

9. If the Court considers a remand, Defendant requests the Court issue an order to show cause as to why the case should not be remanded, giving the parties the opportunity to present briefing, evidence, and argument prior to any remand.

**B.     Removal Is Timely**

10.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). Plaintiff filed the Complaint on July 21, 2025. *See* Mejia Decl., **Exhibit 1**. Plaintiff perfected personal service on Posh via its Delaware registered agent on July 25, 2025. *See* Mejia Decl., **Exhibit 4**. Defendant filed this Notice of Removal within thirty days of service, as required. 28 U.S.C. § 1446(b)(1); *see also, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (timeline to remove begins to run when service perfected under state law).

## II.    GROUNDS FOR REMOVAL

11.    This Court has jurisdiction over the action under 28 U.S.C. § 1332(d)(2), and the action is removable to this Court pursuant to 28 U.S.C. § 1453(b).

12.    A class action filed in state court is removable to federal district court under the Class Action Fairness Act ("CAFA") if: (1) the putative class includes more than 100 members, (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," and (3) "any member of a class of plaintiffs" is diverse "from any defendant" in any one of three statutorily enumerated ways. 28 U.S.C. § 1332(d). The CAFA requirements are satisfied here.

**A.     This Action Meets the "Class Action" Definition under CAFA.**

13.    This action is a "class action." CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]

28 U.S.C. § 1332(d)(1)(B). CAFA further provides, "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

14. Plaintiff filed this action as a putative class action. *See* Compl. at 1 (titled "Class Action Complaint"); *id.* ¶ 1 (Plaintiff "brings this class action complaint . . . ."); *id.* ¶¶ 31– 39 (section entitled "Class Action Allegations"). Plaintiff also asserts that he seeks to represent a class, defined as "all persons who, while in the State of California and within the applicable statute of limitations period, purchased a ticket or tickets from Posh for a California event and were charged any fees (excluding mandatory taxes) that were not included in the advertised price." *Id.* ¶ 31. Accordingly, the complaint qualifies as a "class action" under CAFA.

### B. The Proposed Class Exceeds 100 Members.

15. The Complaint's allegations satisfy the first requirement for removal under CAFA that the putative class includes more than 100 members. 28 U.S.C. § 1332(d)(5). Plaintiff affirmatively asserts as much, alleging that he "is just one of thousands of consumers who were charged an unlawful hidden fee" and that the size of the Class exceeds one hundred thousand (100,000) individuals.." Compl. ¶¶ 4, 34.

16. Courts regularly find CAFA jurisdiction based on alleged classes comprising many thousand fewer members. *See, e.g.*, *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (finding numerosity requirement under CAFA was met for jurisdictional purposes by complaint statement seeking to "'provide remedies for hundreds of affected consumers'"; *Tompkins v. Basic Rsch. LLC*, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008) (finding CAFA numerosity was satisfied for jurisdictional purposes because the allegation "a class of 'thousands of persons'" implies "a logical minimum of 2,000 class members").

### C. The Amount in Controversy Exceeds $5 Million.

17. The Complaint's allegations also satisfy the second requirement for removal under CAFA because the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

to determine whether the matter in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(6).

18. To meet the amount in controversy threshold, a notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (emphasis in original); *accord Deehan v. Amerigas Partners, L.P.*, 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008); *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007).

19. A court may consider various forms of relief sought in the complaint to determine the amount in controversy, including damages, compliance with injunctions, attorneys' fees awarded under fee-shifting statutes or contract, and punitive and exemplary damages. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[T]he amount in controversy may include damages, costs of compliance with injunctions, and attorneys' fees awarded under contract or fee shifting statutes[.]"); *see also, e.g.*, *Chess v. CF Arcis IX LLC*, 2020 WL 4207322, at *4 (N.D. Cal. July 22, 2020) ("When available by statute, treble damages can be included in the calculation for the amount in controversy." (citing *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000)); *Greene v. Wells Fargo Bank, N.A.*, 2019 WL 1331027, at *5 (N.D. Cal. Mar. 25, 2019) ("'It is well established that punitive damages are part of the amount in controversy in a civil action.'" (quoting *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)).

20. A defendant's burden to show the amount in controversy on removal "is not daunting, as courts recognize that . . . a removing defendant is *not* obligated to

research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204–05 (internal quotation marks omitted; emphasis in original). Rather, "the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

21. Plaintiff's proposed class period is defined by "the applicable statute of limitations period" for each of his claims. Compl. ¶ 31. Plaintiff's claims have varying limitations periods, the longest of which is the UCL's four-year term. Cal. Bus. & Prof. Code § 17208.

22. The compensatory damages and restitution that Plaintiff seeks on behalf of the putative class—"no less than the processing fees that Defendants unlawfully failed to display in the advertised price of tickets"—total approximately ▓▓▓ over the four-year period prior to Plaintiff's filing of the complaint on July 21, 2025. Compl. ¶¶ 52, 77, 86, 97, 109, 115; *see also* Declaration of Avante Price ("Price Decl.") ¶ 5.

23. Plaintiff also seeks punitive damages. Compl. at 16 (seeking "[d]amages, treble [] damages, and punitive damages"). While punitive damages are not available under the UCL, Plaintiff's CLRA claim (Count I) and Intentional Misrepresentation claim (Count IV) allow for a punitive damages award upon appropriate proof. Cal. Civ. Code §§ 3294(a) & (c)(1) (allowing punitive damages for "an intentional misrepresentation"), 1780(a)(4) (allowing punitive damages under CLRA).

24. Plaintiff's Intentional Misrepresentation claim has a three-year statute of limitations period. Cal. Civ. Proc. Code § 338(d). During the three-year period prior to the filing of Plaintiff's complaint, Posh collected approximately ▓▓▓ in processing fees. Price Decl. ¶ 6. Applying even a modest 2:1 multiplier—which is far more conservative than other fraud-based punitive damages awards that courts have affirmed—to this figure adds ▓▓▓ to the amount in controversy

in punitive damages.[1] *See Neibel v. Trans World Assur. Co.*, 108 F.3d 1123, 1132 (9th Cir. 1997) (affirming 6:1 punitive damages award for fraud under California law); *Simon v. San Paolo U.S. Holding Co.*, 35 Cal. 4th 1159, 1188 (2005) (applying 10:1 punitive damages multiplier to fraud award).

25. Combining the compensatory damages (or restitution) and punitive damages awards above yields a total theoretical recovery for the class of approximately $4.89 million. Courts in this circuit look to a benchmark of 25% of the total class recovery when calculating attorney's fee awards in class actions. One-quarter of the total recovery here would equal approximately $1.22 million, which may be added to the amount in controversy for CAFA removal purposes.

26. Accordingly, without Posh conceding liability, the validity of Plaintiff's claim for relief, or appropriateness of class treatment in any respect, it can be reasonably assumed that the amount in controversy is at least approximately $6.11 million, in excess of the $5 million minimum. *See* 28 U.S.C. § 1332(d)(2).

**D.    There is Minimal Diversity.**

27. The Complaint's allegations satisfy the third requirement for removal under CAFA—minimal diversity—because "any member of a class of plaintiffs is citizen of a State different from [the] Defendant." 28 U.S.C. § 1332(d)(2)(A); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity

---

[1] Punitive damages of at least ▓▓▓▓▓ would be available under Plaintiff's CLRA claim. Plaintiff seeks to recover under the CLRA's "Honest Pricing Law" provision, Cal. Civ. Code § 1770(a)(29), which has only been in effect since July 1, 2024. *See* Compl. ¶ 46. Posh has collected approximately ▓▓▓▓▓ in allegedly undisclosed processing fees since that date. Price Decl. ¶ 7. Applying a 2:1 multiplier to this figure yields ▓▓▓▓▓ in punitive damages, but because these damages are subsumed within Plaintiff's fraud claim, the Court need not consider them separately. *See Aseltine v. Panera, LLC*, 2021 WL 8267421, at *5 (N.D. Cal. Dec. 13, 2021) (applying 2:1 multiplier to CLRA claim alleging failure to disclose full price of goods).

jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

28. An individual is a citizen of the state in which she is domiciled. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000).

29. Plaintiff's Complaint alleges that he is "a California resident" and does not allege any alternative place of residence or state of citizenship. Compl. ¶ 6. The Complaint therefore establishes that he is a citizen of California for the purposes of the diversity of citizenship analysis.

30. For purposes of establishing diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is a Delaware corporation with its principal place of business located in New York, New York. Compl. ¶ 8 ("On information and belief, Posh's principal place of business is located at 40 Crosby Street, New York, NY 10013."); *see also* Price Decl. ¶¶ 2-3. Defendant therefore is now—and was at the time of the filing of this action—a citizen of Delaware and New York for purposes of determining diversity jurisdiction under CAFA.

31. Therefore, diversity of citizenship exists under CAFA because at least one member of the putative class—Plaintiff—is a citizen of California, a state different than Defendant's state of incorporation and Defendant's principal place of business. 28 U.S.C. § 1332(d)(2)(A). Indeed, because Plaintiff seeks to represent a class consisting only of persons "in the State of California," all class members appear to be citizens of different states than Defendant. Compl. ¶ 31.

### III. VENUE AND INTRADISTRICT ASSIGNMENT

32. Removal to this judicial district is proper because this district includes the County of Los Angeles, where the action is currently pending. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a). Removal to this division is proper because this division includes the County of Los Angeles. *See* 28 U.S.C. § 84(c)(2).

### IV. NOTICE TO THE SUPERIOR COURT AND TO PLAINTIFF

33. Promptly after filing this notice of removal with this Court, Posh will give written notice to Plaintiff's counsel and file a copy of this notice with the Clerk of the Los Angeles County Superior Court, as required by 28 U.S.C. §1446(d).

### V. CONCLUSION

34. Removal to this Court is proper under CAFA. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief, evidence, and argument in support of its position that this case is subject to removal.

Dated: August 21, 2025        COOLEY LLP

By: */s/ Beatriz Mejia*
     Beatriz Mejia

Attorney for Defendant
POSH GROUP, INC.